```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JEROME CROSSON,                      : 14 Civ. 1865 (AJN) (JCF)
                                     :
           Petitioner,               :      REPORT AND
                                     :      RECOMMENDATION
                                     :
    - against -                      :
                                     :
M. RECKTENDALD, Warden,              :
                                     :
           Respondent.               :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

    Jerome Crosson, proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the manner in which the sentence imposed on him for commission of a federal crime has been executed. He argues that the responsible officials erred in calculating when his federal sentence commenced. For the reasons set forth below, I recommend that the petition be denied.

Background

    In 1993, the petitioner was tried and convicted in the Superior Court of the District of Columbia for armed robbery, armed burglary, carrying a pistol without a license, and possession of a firearm during a crime of violence. (Memorandum in Support of Petition for Writ of Habeas Corpus ("Petition") at 1). The presiding judge imposed a sentence of 20 years to life. (Petition

at 1; Judgment and Commitment/Probation Order, attached as Exh. A to Respondent's Return and Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Gov't Memo.") at 1).  In April 1996, while serving his state sentence, the petitioner was tried and convicted in federal court for assault on a correctional officer.  (Judgment in United States v. Jerome Crosson ("Fed. Judgment"), attached as Exh. B to Gov't Memo., at 1).  Mr. Crosson was sentenced to 41 months, to run consecutively to his state sentence.  (Fed. Judgment at 2).  Before the completion of his state sentence, Mr. Crosson was transferred to a federal facility pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, which placed the responsibility for incarcerating District of Columbia Code felony offenders on the Bureau of Prisons ("BOP"). (Petition at 2; Inmate History, attached as Exh. C to Gov't Memo., at 2).  On August 18, 2012, Mr. Crosson was granted parole for his state sentence and his federal sentence commenced.  (Notice of Action dated July 9, 2012 ("D.C. Parole"), attached as Exh. D to Gov't Memo.).

Discussion

    A. Section 2241

    Prisoners seeking to challenge the execution of their sentence, as opposed to either the underlying conviction or the sentence itself, must proceed under 28 U.S.C. § 2241.  Carmona v.

2

Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."); Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001); United States v. Vittini-Morey, No. 99 Cr. 893, 2007 WL 510095, at *2 (S.D.N.Y. Feb. 15, 2007). Disputes about the execution of a sentence include objections to "'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (quoting Jiminian, 245 F.3d at 146); see also Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) ("Under § 2241, a prisoner may challenge the . . . calculations by the [BOP] of the credit to be given for other periods of detention." (citations and internal quotation marks omitted)). Such petitions must be brought in the district court where the petitioner is confined or in the district where he was convicted and sentenced. 28 U.S.C. § 2241(d).

Habeas petitions filed by a pro se petitioner must be construed liberally. See Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008). Although not statutorily required, a habeas corpus petitioner challenging computation of his sentence under § 2241 must pursue administrative remedies before seeking judicial review.

3

United States v. Wilson, 503 U.S. 329, 335-36 (1992); Vittini-Morey, 2007 WL 510095, at *2. Mr. Crosson has attached exhibits to his petition showing his pursuit of an administrative remedy (Petition at 14-28), and the government does not allege that his claim is unexhausted. This Court has jurisdiction to hear Mr. Crosson's petition because at the time he filed his petition, the petitioner was confined at FCI-Otisville, which is located within the Southern District of New York.

    B. Analysis

    The petitioner contends that, in accordance with 18 U.S.C. § 3568, his federal sentence commenced on May 16, 2001, the day he was transferred to federal custody under the Revitalization Act. As § 3568 has been repealed and replaced by §3585(a), however, it is § 3585 that provides the applicable standard in this case.

    "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F. Supp. 368, 370 (E.D.N.Y. 1993). Both determinations are governed by 18 U.S.C. § 3585. The authority to calculate when a sentence starts and whether any credit is due for time served prior to the commencement of that sentence rests with the BOP, not the federal courts. See United States v. Luna-Reynoso, 258 F.3d 111, 117 (2d

Cir. 2001); Mitchell v. Lara, No. 11 Civ. 1540, 2011 WL 5075117, at *2 (S.D.N.Y. Oct. 25, 2011); Hines v. Schult, No. 9:08-CV-451, 2009 WL 384043, at *2 (N.D.N.Y. Feb. 10, 2009).

While the plain language of § 3585(a) -- that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served" -- might seem to lend support to the petitioner's argument, that section has been interpreted to apply only where the transfer into federal custody is for the purpose of the serving the federal sentence. See Smith, 812 F. Supp. at 370 ("A federal sentence does not commence until the Attorney General of the United States receives the defendant into his custody for service of that sentence."); United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998) ("[T]he determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served."); see also Binford v. United States, 436 F.3d 1252, 1255 (10th Cir. 2006) ("A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose.").

Cases involving both state and federal terms of imprisonment

hold that a federal sentence is not automatically triggered by the prisoner's transfer to federal custody. See, e.g., Smith, 812 F. Supp. at 370 (holding federal sentence did not commence while petitioner, also serving state sentence, was in federal custody pursuant to writ of habeas corpus ad prosequendum).  This is because, where there is a preexisting sentence, "[p]rimary custody remains vested in the sovereign that first arrests the individual until it 'relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.'"  Harris v. Quintana, Civ. A. No. 09-318, 2012 WL 2979056, at *6 (W.D. Pa. July 20, 2012) (quoting Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996)); see Ponzi v. Fessenden, 258 U.S. 254, 260 (1922).  Under this reasoning, while a prisoner may be transferred by mistake into federal custody or "loaned" to federal custody pursuant to a writ of habeas corpus ad prosequendum, the state sentence remains operative.  See Allen v. Nash, 236 F. App'x 779, 783 (3d Cir. 2007) (holding that "[b]ecause the designation to [the federal facility] was in error, it did not operate to commence [petitioner's] federal sentence"); Binford, 436 F.3d at 1255 (determining that federal sentence began when inmate was received into federal custody for the purpose of serving his federal sentence, after completing his state sentence, rather than during previous transfer to federal custody pursuant to writ of

habeas corpus ad prosequendum); Smith, 812 F. Supp. at 370-71 (finding federal sentence did not commence when inmate was produced for prosecution in federal court pursuant to writ of habeas corpus ad prosequendum, as writ "merely loans the prisoner to federal authorities"). However, because Mr. Crosson was convicted in the District of Columbia, this is not strictly a case where competing sovereigns must either claim or relinquish custody.

Indeed, Mr. Crosson has been potentially subject to federal custody all along. The Attorney General is authorized to assign inmates convicted for violations of the District of Columbia Code to "any available, suitable, and appropriate institution[], whether maintained by the District of Columbia government, the federal government, or otherwise," as well as transfer inmates from one such institution to another. D.C. Code § 24-201.26; see also Boone v. Menifee, 387 F. Supp. 2d 338, 346 (S.D.N.Y. 2005) ("The D.C. Code provides that the Attorney General of the United States may assign a defendant sentenced to prison for a violation of the D.C. Code to either a federal facility or one maintained by the District of Columbia."); Davis v. Moore, 772 A.2d 204, 210 (D.C. 2001). Because Mr. Crosson was transferred to a federal facility pursuant to the Revitalization Act, and not for commencement of his federal sentence, his mere physical presence at a federal facility is not sufficient to trigger commencement of the federal sentence. This

7

is consistent with the language of § 3585(a), which provides that a federal sentence "commences on the date the defendant is received in custody . . . at, the official detention facility at which the sentence is to be served." As Mr. Crosson's D.C. sentence had not ended at the time of his transfer, he had not yet been designated to a facility to serve his consecutive federal sentence. This is also consistent with the cases involving both state and federal sentences, where, although an inmate may be in federal custody either by mistake or through a writ of habeas corpus ad prosequendum, that time in federal custody does not commence the federal sentence.

Furthermore, because Mr. Crosson has already received credit toward his D.C. sentence for the time he spent in federal custody between 2001 and 2012, he cannot also receive "double credit" for that time. By its own terms, "18 U.S.C. § 3585(b) bars [such] double-counting." Werber v. United States, 149 F.3d 172, 173 (2d Cir. 1998); Wilson, 503 U.S. at 333 ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); see also Greer v. Hudson, No. 9:13-CV-00345, 2014 WL 2815800, at *2 (N.D.N.Y. June 23, 2014) (finding that "even assuming arguendo that [the petitioner] was in federal custody" during the period for which he sought credit, his claim "must be rejected because he

received state credit for that time"); United States v. Mercedes, No. 99 Cr. 1142, 2007 WL 766306, at *2 (S.D.N.Y. March 14, 2007) ("Because [the petitioner] received credit for his state sentence while he was physically in federal custody, he is not entitled to any credit under section 3585."). The petitioner unquestionably received credit for the time served in federal custody toward his D.C. sentence (D.C. Parole), and so § 3585(b) prohibits the BOP from also crediting his federal sentence for this time.

Mr. Crosson contends that he is not seeking "double credit" for time served, but rather is arguing that the BOP's actions show that it commenced the federal sentence at the time that he was transferred into federal custody by "aggregat[ing]" his sentences. (Rebuttal to Government's Opposition ("Rebuttal") at 2). In support of this argument, Mr. Crosson attaches copies of his sentence computation records. (Sentence Monitoring Computation Data for Judgment No. 020, attached as Exh. A to Rebuttal; Sentence Monitoring Computation Data for Judgment No. 030 ("Fed. Sentence Record"), attached as Exh. B to Rebuttal). While both records note the same commitment date and projected release date, the record corresponding to Mr. Crosson's federal sentence explicitly notes that this obligation should run consecutively to the state sentence. (Fed. Sentence Record). Mr. Crosson seems to be suggesting that his federal sentence must have began to run, and

run concurrently to his D.C. sentence, once he entered federal custody, or else the BOP's actions would be "arbitrary." (Rebuttal at 3). This argument is foreclosed by 18 U.S.C. § 3584, which governs multiple terms of imprisonment and provides that they "shall be treated for administrative purposes as a single, aggregate term of imprisonment." Section 3584 also creates a presumption that multiple terms of imprisonment imposed at different times run consecutively. 18 U.S.C. § 3584. This presumption was explicitly endorsed by the district judge, who ordered that Mr. Crosson's federal sentence run consecutively to his D.C. sentence. Therefore, even though Mr. Crosson is correct that his D.C. and federal sentences were considered aggregated once he was transferred to a federal facility, because they were to run consecutively, the BOP's projected parole eligibility date of February 10, 2015 is consistent with the calculation of the two sentences. It is well-established that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Here, as expressly indicated by the District Court that sentenced him, Mr. Crosson's federal sentence of 41 months was to be served consecutively to the D.C. sentence. As Mr. Crosson has now been paroled from the D.C. sentence, his federal

sentence is effective. See <u>Watson v. Warden, FCC Coleman-USP I</u>, 521 F. App'x 899, 903 (11th Cir. 2013) (concluding that habeas petitioner's consecutive federal sentence could commence only after petitioner either received parole on D.C. sentence or D.C. sentence was converted to definite term).

Conclusion

For these reasons, I recommend that the petition be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Alison J. Nathan, Room 2102, 40 Foley Square, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:  New York, New York
        August 28, 2014

Copies mailed this date:

Jerome Crosson
00216000
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

Monica J. Folch, Esq.
Ellen M. London, Esq.
Assistant U.S. Attorneys
86 Chambers St.
New York, NY 10007